592 Bldg. Supplies Corp. *v.* Jeffress, 140 Va. 592.

Statement.

# Richmond.

## Building Supplies Corporation v. Joseph Jeffress, et als.

### December 18, 1924.

1. Religious Societies—*Trustees—Working Contract—Acceptance by Individual Trustee of Order Drawn by Contractor for Supplies.*—The trustees of a church entered into a contract for remodeling the church building and building an annex thereto. Under this contract certain payments were to be made as certain parts of the work were completed. After the contract was made the contractor drew an order on the board of trustees for building supplies, which was accepted by one of the trustees in the following form, "accepted, Weldon Edwards." Subsequent to this order an agreement was entered into between the trustees and the contractor under which Edwards was to see that bills for material and labor were first paid out of the respective payments due and payable in accordance with the contract, and then pay over to the contractor the balance of such payment due and payable. It appeared that the total contract price had been paid by the trustees through Edwards before they knew of this acceptance.

   *Held:* That neither the other trustees personally nor in their representative capacity, nor the church, was liable, but that Edwards alone was liable.

2. Religious Societies—*Trustees of Religious Societies—Liability of Church for Acts of Trustees.*—If the trustees of a church are not authorized in the specific manner provided for by statute to incur an indebtedness, then no act of theirs can bind the church as to such indebtedness. If a judgment could be entered against them in their representative capacity on such indebtedness, they could as individuals do the very thing they are forbidden to do, namely, place liens upon the church property.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Michael Cooper* and *R. W. Shultice,* for the plaintiff in error.

*J. H. Nininger,* for the defendants in error.

HOLT, J., delivered the opinion of the court.

This motion for judgment was duly matured, the case came on to be heard and was submitted to a jury. Its verdict was as follows:

"We, the jury, find for the plaintiff and assess damages in the sum of $644.35 with interest thereon from the 10th day of January, 1922, against Joseph Jeffress, Luke Felton, John Philpotts, Weldon Edwards and James Hatchett, trustees of First Baptist Church of Lamberts Point.

"J. T. Jacobs, Foreman."

The court, upon motion, set the verdict aside as to all of the defendants except Weldon Edwards and entered judgment against him in his individual capacity for the sum found by the jury in its verdict to be due.

Joseph Jeffress, John Philpotts, James Hatchett, Luke Felton and Weldon Edwards were trustees for the First Baptist Church of Lamberts Point (colored). That church, desiring to make some additions to its place of worship, on October 21, 1921, entered into a contract with J. H. P. Stanley, a contractor trading as Lamberts Point Construction Company. So much of that contract as is relevant to the issues here is as follows:

"This contract, made this 21st day of October, 1921, between Joseph Jeffress, Luke Felton, John Philpotts, Weldon Edwards and James Hatchett, trustees of the First Baptist Church of Lamberts Point (colored), parties of the first part, and J. H. P. Stanley, trading as Lamberts Point Construction Company, party of the second part:

· "Witnesseth, that the said parties of the first part have employed the said party of the second part to remodel the church building, situated at the corner of Parker avenue and Forty-fifth street, in the city of Norfolk, Virginia, and to build an annex thereto in accordance with the plans and specifications hereto attached, which plans and specifications are to be signed by the said trustees and by the said J. H. P. Stanley for identification, and to be considered a part of this contract, and such plans and specifications are to be followed strictly excepting such changes therein as may be hereinafter directed, or as may hereafter be directed in writing, signed by the said trustees.

"The said party of the second part is to furnish all material, equipment, and labor, and is to begin work on the job within three days from the date of this contract and have everything completed and finished in ninety days from the date of beginning, all work to be done in good workmanship manner, and with proper art, judgment and skill.

"The said party of the second part in the prosecution of this work shall cooperate with the pastor of the church to the end that the building may all the while, so far as possible, be comfortably used as a place for holding the usual church services.    *    *
*    *    *    *    *    *    *    *    *

"The party of the second part agrees to do all of the

above work in the manner and form as above stated,. for the sum of five thousand seven hundred and twenty-eight dollars and sixty-two cents ($5,728.62), which amount includes the $425.00 above mentioned and the said $5,728.62 is to be paid as follows: Eight hundred dollars when the foundation is in and the first floor joists. are in proper place, and the excavating has all been done; one thousand dollars when framing work of all kind has been fully completed; one thousand dollars. when siding and roof are completed and building is properly closed in; fourteen hundred dollars when sub-floored and plastering is finished; and the balance when the job is entirely completed according to contract.

"Witness the following signatures and seals:

"Joseph Jeffress, trustee (Seal)
"James Hatchett, trustee (Seal)
"John Philpotts, trustee (Seal)
"Luke Felton, trustee (Seal)
"Weldon Edwards, trustee (Seal)
"J. H. P. Stanley, trading as Lamberts Point Construction Company (Seal)."

Sometime previous thereto the following order had. been accepted.

"Building Supplies Corporation,
"112-114 Brooke avenue.
"Norfolk, Va., October 18, 1921.
"Board of Trustees, First Baptist Church (colored),
"c / o Weldon Edwards, 1535 46th street.
"Please pay to the order of the Building Supplies. Corporation the sum of six hundred and no/100 dollars, ($600.00) out of the contract price of the building which

we have agreed to erect for you at corner 45th and Parker streets, Norfolk, Va. This order and assignment is given in consideration of building supplies to be furnished for the construction of the said building.

"Very respectfully,

"Lamberts Point Construction Company,

"Per J. H. P. Stanley.

"Accepted _____, 192_____.

"Weldon Edwards."

The exact date of the acceptance does not appear, but it must have been about the date of the order, namely, October 18, 1921, for deliveries under it were made in that month; that is to say, Weldon Edwards upon the face of the record in his own right accepted an order drawn on the board of trustees of this church by the Lamberts Point Construction Company for $600.00. Certainly at that time, and on its face, this was a personal obligation of his.

Afterwards and on the second day of November, 1921, the following agreement in writing was executed:

"This agreement, made this 2nd day of November, 1921, between the undersigned trustees of the First Baptist Church of Lamberts Point, parties of the first part, and J. H. P. Stanley, contractor, party of the second part:

"Witnesseth: That it is hereby agreed that Weldon N. Edwards is to see that all bills for material and labor in the construction of the work of building the annex to the said church building are first paid out of the respective payments due and payable in accordance with the terms of the contract for the erection of said annex, and such bills having been paid, then the said Weldon N. Edwards is to pay over to the said J. H. P.

Stanley the balance of such payment then due and payable.

"Witness the following signatures and seals:

"Joseph Jeffress, trustee,

"John Philpotts, trustee,

"Weldon Edwards, trustee,

"James Hatchett, trustee,

"Luke Felton, trustee,

"J. H. P. Stanley."

[1, 2] Of course that agreement is to be read in connection with the contract under which Stanley was operating. A fair construction of it is that for convenience Edwards was designated as one who was to see that bills for labor and material were first paid out of such sums as became due to Stanley under his contract as and when due, and after that was done, to pay over to Stanley directly any balance. It is therefore entirely clear that no liability could attach to these trustees for acceptances made by Edwards before that time. Under the agreement of November 2, 1921, the payments were to be made as they fell due by virtue of the contract of October 21, 1921. It is there provided that $800.00 was to be paid when the foundation was laid and the first floor joists were in proper place, $1,000.00 when the framing work had been fully completed, $1,000.00 when the siding and roof were completed and building closed, $1,400.00 when subflooring and plastering was finished and the balance when the job was entirely completed. Under this contract under no aspect of the case could the church, or its representatives as such, become liable for payments except on conditions noted. If this were not true, then the church might have found itself definitely obligated to

pay the entire price stipulated for before the work was done at all.

Again, it nowhere appears that these trustees were authorized by the congregation to incur any liabilities at all save those noted in the contract of October 21st. As a matter of fact it does not appear that this contract was executed under proper authority, but its binding effect is not contested. If these trustees were not authorized in the specific manner provided for by statute to incur this indebtedness, then no act of theirs could bind the church. If a judgment could be entered against them in their representative capacity, they could, as individuals, do the very things they are forbidden to do, namely, place liens upon it. See *Globe Furniture Company* v. *Jerusalem Church Trustees*, 103 Va. 561, 49 S. E. 658. There the court said: "If the church property could be encumbered by this method, the statutes mentioned would be useless, and it would be in the power of church trustees appointed merely to hold the legal title to sweep away their house of worship without the authority or even knowledge of the religious congregation that had acquired it." From all of this it is clear that no judgment could be entered against these trustees as such, and this without respect to the form of the pleading.

If a personal judgment could be entered against any of them except Edwards, it must be under and by virtue of the agreement of November 2, 1921. There is nothing in it to support any such right. These co-trustees appointed Edwards to pay for labor, material and contractors services out of the amount due to Stanley under his contract as and when it became due. The evidence shows that more than the total contract price for the regular work and for extra work had been paid by the board of trustees through Weldon Edwards

before they knew of these orders of acceptance; that is, before they knew of the order of October 18, 1921, for $600.00 and a subsequent order of January 3, 1922, for $50.00. The money which the church appropriated for this work was paid and paid in full as the same became due and paid through Weldon Edwards; that he was authorized to do under a special agreement and that is all that he was authorized to do. If he signed acceptances in excess of these payments, that act was done without authority from anybody and he alone is liable therefor. He knew the situation and he alone knew it. The judgment of the court below in setting aside the verdict of the jury and rendering personal judgment against Weldon Edwards is plainly right and must be affirmed.

*Affirmed.*