## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Weaver Associates, Inc.

v.

Alfred M. Bell

May 29, 1979

Case No. (Chancery) 10292

By JUDGE ALBERT H. GRENADIER

This suit is filed to modify an arbitration award. In broad terms the complaint alleges that the parties agreed by stipulation to narrow the scope of the submission and that the award of the arbitrator, although within the scope of the original submission, exceeded the scope of the more narrowly defined submission. In his complaint the plaintiff asks the Court to modify the award by deleting references made therein to entitlement of fees received by the defendant between April 1, 1978, and June 1, 1978. The defendant, on the other hand, relies upon the original submission as demonstrative of the scope of the arbitration proceeding. He avers that the award is final and binding and that under the facts of this case it cannot be set aside or modified under the provisions of Section 8.01-580 of the Code of Virginia.

One of the threshold issues is whether under the provisions of Section 8.01-580 of the Code of Virginia a court of equity can set aside or modify an arbitration award. The Court agrees with the parties that it can only do so on the grounds stated in the statute *or where the court finds that the arbitrator in his award exceeded the scope of the submission.*

Parties to an arbitration proceeding may, by consent, amend the scope of the submission, just as they may amend any other contract or agreement. *Morris v. Zuckerman,*

69 Cal. 2d 686, 72 Cal. Reptr. 880, 446 P.2d 1000 (1968). No special form is required for amendment. The parties may even alter the terms of a submission after the original award is delivered. 5 Am. Jur. 2d, *Arbitration and Award*, Sections 28, 35.

In Virginia, an arbitrator's decision is binding only as to matters that the parties have agreed to submit to arbitration. *Employees Protective Association v. Norfolk and W. Railway*, 571 F.2d 185 (4th Cir. 1977). The arbitrator has authority to award only in strict accordance with the submission and any award that goes beyond the submission is void. *Sydnor Company v. City School Board*, 182 Va. 156, 28 S.E.2d 33 (1943); 5 Am. Jur. 2d, *Arbitration and Award*, Section 137.

Parol evidence is always admissible to show that an award does not conform to a submission. If it appears from the transcript that the arbitrator made an award through palpable error or mistake and one that he did not intend to make, it will be declared invalid in a court of equity. *Sydnor v. City School Board, supra.*

In a suit to set aside the award of an arbitrator, the burden of proof is on the plaintiff to prove clearly and unequivocally the misconduct or error of the arbitrator. *Equitable Fire. etc. Insurance Company v. Stiefens*, 154 Va. 281, 153 S.E. 731 (1939).

The record in this case clearly and without dispute shows the following.

1. That from April 1, 1978, to June 1, 1978, Bell got certain proceeds.

2. That there was a dispute as to whether Bell or Weaver was entitled to those proceeds.

3. That Bell conceded that the money received by him between April 1 and June 1 would be a credit against Weaver's claim.

4. That the parties stated that the only time period in dispute at the hearing was from June 1, 1978, to March 31, 1979.

5. That no evidence was introduced at the hearing with respect to the time period between April 1, 1978, and June 1, 1978.

That the parties intended and agreed to limit the submission to cover only the period from June 1, 1978, to March 31, 1979, is without question. Yet the original award of the arbitrator encompassed the period from April 1, 1978, to March 31, 1979. Thereafter, when the arbitrator

attempted to clarify his award, he further compounded his error by stating that Bell was entitled to retain the fees he received for April and May 1978, a matter that was never litigated or intended to be litigated in the arbitration proceeding. The Court must look to the conduct of the parties in determining whether or not an issue was submitted. *Lynchburg Female Orphan Asylum v. Ford*, 66 Va. (25 Gratt.) 566, 572 (1874). Not only did the parties expressly agree to exclude the months of April and May 1978, but they did not submit any evidence at the hearing as to those two months.

The Court is compelled to find that the award of the arbitrator did not comport with and clearly exceeded the scope of the revised submission. To make an award beyond the scope of the submission renders the award invalid. *Sydnor v. City School Board, supra.* However, where the arbitrator's award encompasses matters which are, and other matters which are not, within the submission, the court may reject the excess, and uphold so much of the award as is within the submission if it can be separated. *Sutton v. Dickinson*, 36 Va. (9 Leigh) 142 (1837); *McKennie v. Charlottesville and A. Railway Company*, 110 Va. 70, 65 S.E. 503 (1909); *Lynchburg Female Orphan Asylum v. Ford, supra.*

In this case it is not difficult to make that separation. The award as to the Period of time from June 1, 1978, to March 31, 1979, can validly stand on its own. It is only that part of the award covering the period of time from April 1, 1978, to June 1, 1978, which is defective. Although the Court can set aside the defective portion of the award, it cannot appoint a new arbitrator to hear evidence as to the disputed two-month period without the express consent of both parties. 2A Michie's Jurisprudence, *Arbitration and Award*, Section 51. Unless the parties mutually consent to submit that two-month period to arbitration, the Court should proceed to hear the merits of that issue.

Accordingly, the Court will uphold the validity of that portion of the award that relates to the time period from June 1, 1978, to March 31, 1979, and will declare invalid and void that portion of the award that relates to April and May 1978. If the parties agree to submit that separate issue to an arbitrator they may do so. Otherwise, that period of time still is in dispute and should be decided in this proceeding.