## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Heritage Washington Street Corp.

v.

Construction Management Systems, Inc.

September 6, 1985

Case No. (Chancery) 16221

By JUDGE ALFRED D. SWERSKY

The matter came before the Court on Plaintiff's petition for an injunction of arbitration proceedings arising out of a contract entered into between the parties on April 19, 1983. The subject of the arbitration is alleged to be a claim by Defendant for sums allegedly due under the contract at least a portion of which arises out of the collapse of a wall of the construction project, which collapse occurred on August 5, 1983.

Plaintiff asserts that the arbitration provisions of the contract (the Standard Form of Agreement Between Owner and Contractor, 1977 edition) are "precatory and not mandatory" since the language of the contract does not provide that arbitration shall be a condition precedent to litigation. Plaintiff relies on a line of cases beginning with *Big Vein Pocahontas Co. v. Browning*, 137 Va. 34 (1923), which held that arbitration provisions were not binding and no bar to an action at law or equity unless, in the contract itself, a decision of arbitrators was made a condition precedent to a right of action on the contract.

Defendant acknowledges that the *Big Vein* line of cases was the common law on the subject; however, it asserts that the Legislature changed the law by the enactment of Title 8, Section 503(b) in 1968 (now Title 8.01, Section 577(B)). That statute provides that written agreements to arbitrate will be "as binding as any other agreement" and "neither party shall have the right to revoke

an agreement to arbitrate except on a ground which would be good for revoking or annulling other agreements." In addition, argues Defendant, the contract between the parties recites that the arbitration agreement "shall be specifically enforceable under the prevailing arbitration law." (Section 7.9.1 of Contract).

Plaintiff further alleges that Defendant breached the contract and was terminated from the project; further, that Defendant failed to comply with the procedural requirements of the arbitration provisions. Plaintiff also alleges that Defendant was guilty of fraud in the procurement of the contract in that it falsely represented that it had posted a sufficient bond as demanded by Plaintiff. For these reasons, Plaintiff argues that Defendant has no standing to demand arbitration.

Plaintiff's petition for an injunction must be denied. It is true that at common law one party was free to breach the agreement to arbitrate and the other was left to his remedy for damages for that breach, usually nominal. The Legislature changed that in 1968 with the passage of Title 8, Section 503(b) of the Code (now 8.01-577(B)). The Virginia Supreme Court has not yet decided whether this statute changed the common law but has indicated that this is so. In *Doyle and Russell v. Roanoke Hospital*, 213 Va. 489 (1973), the Court, albeit dicta, said of this Code section "[a]nd while the statute *may* prohibit revocation of an arbitration agreement." (Italics added). In *Sternheimer v. Sternheimer*, 212 Va. 134 (1971), the Court described the statute as one "which purports to authorize specific performance of an arbitration agreement." (212 Va. at p. 134). *See also*, Michie's Jurisprudence, Vol. 2, *Arbitration and Award*, § 6, p. 32, and Boyd, *Virginia Civil Procedure*, § 16.5, p. 555.

The Legislature further amended the statute effective July 1, 1983, subsequent to the date the contract at issue was signed but prior to the date the dispute arose. In view of this Court's holding it is not necessary to decide the applicability of the 1983 amendments to this case.

Under the statute the agreement could be revoked only upon such grounds as would be "good for revoking or annulling other agreements." Plaintiff contends that Defendant breached the procedural provisions of the arbitration clauses and alleges that this breach occurred by failure to submit its claim to owner's architect as provided in the contract. No evidence by way of testimony

nor affidavit has been submitted to the Court in support of these allegations. Attached to Defendant's Answer is a letter dated December 19, 1983, submitting a claim to John Meadows and a response from "John Meadows, Architect" dated May 15, 1984. The authenticity of these documents has not been questioned by Plaintiff. The Court can not conclude, therefore, that Defendant failed to comply with the procedural terms of the arbitration clause by failing to submit its claim to the architect. No other allegation of non-compliance is made by Plaintiff.

With regard to Plaintiff's claim of fraud in inducing the contract, it is alleged that the contract is void *ab initio* because of Defendant's representation that a bond required by the contract had been posted when it had not. Plaintiff further alleges that when this was called to the attention of Defendant a bond was secured but it proved to be worthless when the bonding company went bankrupt. Defendant denies the allegations in its Answer and argues that even if true the allegations have no bearing on the arbitration issue. Misrepresentation of a material fact renders a contract voidable not void. At the time Plaintiff learned of the alleged fraud it had several options. The one it apparently chose was to require Defendant to obtain a proper bond. There is no allegation by Plaintiff of fraud in the obtaining of the second bond which proved worthless because of the bankruptcy of the surety. There is no allegation that Defendant knew or should have known of the insolvency of the surety and no allegation that a misrepresentation was made as to the surety's status. For these reasons the Court can not find that the fraud alleged would void the contract *ab initio*.

The language of the arbitration clause that "all claims, disputes and other matters in question between the contractor and the owner arising out of or relating to the contract documents or the *breach* thereof." (Italics added) indicates an agreement with broad reach as to the arbitrable issues. Hence, the Court concludes that the termination of Defendant or its cessation of work and the facts surrounding it are arbitrable issues.

For all of the foregoing reasons, Plaintiff's petition for an injunction will be denied.