## CIRCUIT COURT OF CHESTERFIELD COUNTY

Trustees of
Asbury United
Methodist Church

v.

Taylor & Parrish, Inc.

### Case No. CH90–1686

By Judge Herbert C. Gill, Jr.

February 12, 1992

After due consideration of counsel's arguments at the February 19, 1992, hearing in this matter, the Court is of the opinion that Plaintiff's Motion for Injunction should be denied, and accordingly, defendant's Application to Stay Proceeding and to Compel Arbitration should be granted.

The contract entered into by the parties on November 16, 1988, contains a broad arbitration clause which encompasses "all claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or breach thereof . . . ." (Paragraph 7.9.1 of contract.) The parties agreed to the wide-reaching arbitration clause when they entered into the contract.

The parties further agreed in the contract that all claims subject to arbitration shall be decided in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. (Paragraph 7.9.1 of contract.)

Rule 8 of the Construction Industry Arbitration Rules provides that a *new* or *different* claim may be submitted with the appointed arbitrator's consent. In this case, Arbitrator Brown has given his consent to the filing of an Amended Demand on behalf of the defendant. Rule 8 does not, however, address when a *new* or *different* claim may be submitted. Since the arbitrator has given his consent to the submission of a *new* or

*different* claim, such claim should be heard by the arbitrator in his discretion and interpretation of Rule 8.

Further, although defendant's original Demand for Arbitration did not include the issue of *quantum meruit*, defendant did allege a breach of contract by plaintiff. Defendant's Amended Demand again alleges a breach of contract by plaintiff, among other allegations. Breach of contract has not been addressed by the arbitrator.

The issues included in defendant's Amended Demand are arbitrable; therefore, the Court hereby grants defendant's Application to Stay Proceeding and to Compel Arbitration.

### October 13, 1993

The parties were before the Court on September 9, 1993, upon plaintiff's motion to confirm in part and vacate in part an arbitration award entered March 26, 1993, awarding defendant the sum of $263,310.97 plus interest until paid. The defendant is moving to confirm the March 26, 1993, award and to have the Court enter judgment on the award. A brief summary of the facts is necessary.

Plaintiff and defendant entered into a contract on November 16, 1988, for the construction of a new sanctuary and education building in Chesterfield County. The contract incorporated, among other things, the general conditions of the Contracts for Construction prepared by the American Institute of Architects. Such general conditions provided that the contract sum and the contract time may be amended only pursuant to a "change order." The general conditions also contained a broad arbitration clause.

The only disagreement between the parties concerns the validity of a change order executed subsequent to the date of the original contract. Pursuant to the arbitration clause in the contract, the Court ordered the parties to arbitrate this disagreement on March 22, 1991. On August 19, 1991, an arbitrator ruled that the change order was unenforceable. This Court confirmed the arbitrator's decision in an order entered January 7, 1992. On April 10, 1992, the Court ordered the parties to return to arbitration and to arbitrate the issue of whether defendant could recover on a *quantum meruit* basis. After six days of hearings, the arbitrator, in a ruling dated March 26, 1993, awarded defendant the sum of $263,310.97.

The plaintiff asserts that the March 26, 1993, award should be vacated for the following reasons:

1. The contract between the parties did not give the arbitrator the authority to rule on the *quantum meruit* issue;
2. The arbitrator exceeded the scope of this authority;
3. The arbitrator was biased; and
4. The arbitrator grossly misapplied the law of Virginia.

Plaintiff initially argues that the contract between plaintiff and defendant did not give the arbitrator the authority to rule on the *quantum meruit* issue. In support of this argument, plaintiff cites a number of Virginia Supreme Court decisions for the proposition that there can be no recovery based on *quantum meruit* where a valid, express contract between the parties exists. Plaintiff further argues that the arbitrator, in making an award based on *quantum meruit*, necessarily must have concluded that no valid express contract between the parties existed. Since no valid contract existed, plaintiff argues, the arbitration clause is of no effect and the arbitrator had no power to make his award.

Yet, the parties agree that the construction contract between plaintiff and defendant dated November 16, 1988, is binding. *See* plaintiff's Motion for Declaratory Judgment and defendant's Application to Compel Arbitration. This contract contains an arbitration clause which specifically provides that "[a]ll claims, disputes, and other matters in question between the contractor and the owner arising out of, or relating to, the contract documents or the breach thereof . . . shall be decided by arbitration."

The language of the arbitration clause quoted above indicates an agreement with broad reach as to arbitrable issues. *See Heritage Washington Street Corp. v. Construction Management Systems, Inc.*, 5 Va. Cir. 267, 269 (Alexandria, 1985). Further, as the Virginia Supreme Court has stated, "[b]oards of arbitration, which are courts of the parties' own selection, are favored by the law, and every fair presumption is made in order to sustain their award. This, we believe, is the universal rule applied to the interpretation of the agreement to submit [to arbitration]." *Martin v. Winston*, 181 Va. 94, 106 (1943), *cert. denied*, 319 U.S. 766 (1943), quoting *Coons v. Coons*, 95 Va. 434, 438 (1897).

The Court finds that the *quantum meruit* issue arises out of, or relates to, the contract between the plaintiff and defendant. Therefore, the *quantum meruit* issue was subject to arbitration and was properly before the arbitrator.

The plaintiff next argues that the arbitrator exceeded the scope of this authority. Plaintiff claims that the letter opinion, dated February 12, 1992, grants the arbitrator the authority to hear only the breach of contract issue. Plaintiff misinterprets the February 12, 1992, letter opinion, however. Such letter opinion specifically states that "[t]he issues included in defendant's *Amended Demand* are arbitrable." Since defendant's *Amended Demand* contains a claim for *quantum meruit*, the *quantum meruit* issue was properly before the arbitrator and the arbitrator did not exceed the scope of this authority.

The plaintiff next argues that the arbitrator was biased. Plaintiff complains about a number of the arbitrator's decisions and statements. Plaintiff claims that such decisions and statements indicate that the arbitrator was biased. Based on the argument of counsel and the evidence presented, the Court finds that plaintiff has failed to prove that there was evident partiality by the arbitrator. Va. Code § 8.01–581.010.

Finally, plaintiff argues that the arbitrator grossly misapplied the law of Virginia. Specifically, plaintiff argues that the arbitrator misapplied the law of *res judicata*, prior inconsistent positions, and *quantum meruit*.

"[A]n arbitration award must be construed liberally so as to uphold it, if possible, and all fair presumptions are in its favor." *Howerin Residential Sales v. Century Realty*, 235 Va. 174, 179 (1988) (citations omitted). Further, "an award, being the judgment of a judge of the parties' own choosing, ought to be favorably viewed by the courts; and effect ought to be given to it by them, whenever it can be done consistently with the rules of law." *Virginia Beach Realtors v. Hogan, Inc.*, 224 Va. 659, 662 (1983) (citations omitted). Therefore, the burden of proof rests with the party attacking the award and "[i]t is his duty to prove clearly and unequivocally the misconduct of the arbitrators." *Howerin*, at 179 (citations omitted). Finally, in a recent case, the Virginia Court of Appeals stated that "[a]rbitration agreements and the award embodied in them shall not be set aside unless there exists grounds to set aside a contract in equity such, as unconscionability or, as contrary to public policy." *Bandas v. Bandas*, 16 Va. App. 427, 430 S.E.2d 706, 708 (1993).

In light of the cases cited above as well as § 8.01–581.010, the Court is of the opinion that it cannot conduct an appellate review of the arbitrator's decision. Such a review would undermine many of the goals of arbitration, including reducing the expense of litigation. In-

stead, the Court will only conduct a limited review of the arbitrator's decision.

Initially, the plaintiff argues that the arbitrator misapplied the law of Virginia relating to *res judicata*. Plaintiff claims that defendant was barred by the doctrine of *res judicata* from resubmitting its claim to the arbitrator. By allowing defendant to resubmit the claim to arbitration on the basis of *quantum meruit*, plaintiff claims the arbitrator misapplied the law of Virginia.

Based on the argument of counsel and the evidence presented, the Court finds that the arbitrator did not misapply the law of Virginia as it relates to *res judicata*. Further, the Court finds the arbitrator did not misapply the law of Virginia relating to inconsistent positions.

As to plaintiff's contention that the arbitrator misapplied Virginia law concerning *quantum meruit*, the Court finds that the arbitrator did not misapply Virginia law concerning *quantum meruit*. Therefore, the Court is of the opinion that the award of the arbitrator must be confirmed.

Finally, the Court must address whether its decision granting defendant's second application to compel arbitration was proper in light of the doctrine of *res judicata*.

By Order dated January 7, 1992, this Court confirmed in part and vacated in part the decision of the arbitrator dated August 19, 1991. In its order, the Court confirmed the arbitrator's ruling that the change order was not contractually binding on the plaintiffs. The Court vacated that part of the arbitrator's decision relating to *quantum meruit*, determining that the issue of *quantum meruit* was not submitted to the arbitrator and that the arbitrator had no authority to rule on the *quantum meruit* issue.

The defendant then asked the arbitrator for permission to submit an Amended Demand in accordance with Rule 8 of the Construction and Industry Arbitration Rules. This request was granted by the arbitrator on January 23, 1993. The plaintiff then filed a Bill of Complaint asking this Court to enjoin plaintiff from arbitrating any issue other than provided for in the January 7, 1992, Order. The defendant subsequently filed, among other pleadings, an Application to Stay Proceeding and to Compel Arbitration. In a letter opinion dated February 12, 1992, the Court granted defendant's Application to Stay Proceeding and to Compel Arbitration and denied plaintiff's Motion for Injunction. This opinion was entered as an order on April 10, 1992.

Based upon the argument of counsel, including argument presented in memoranda, the Court is of the opinion that defendant was not barred by the doctrine of *res judicata* from pursuing the *quantum meruit* claim. The January 7, 1992, Order confirming in part the arbitrator's award merely foreclosed any further litigation concerning the issue of whether the August 19, 1991, award of the arbitrators should be confirmed or denied. Such order did not foreclose defendant from seeking an award through *arbitration* based on a different legal theory, especially since the arbitrator did not have jurisdiction to consider a *quantum meruit* award when the claim was submitted to the arbitrator the first time.

Therefore, the Court is of the opinion that it must effectuate the broad language of the arbitration clause bargained for by the parties and confirm the arbitrator's award dated March 26, 1993.