## Richmond

### WYATT REALTY ENTERPRISES, LTD.

### V.

### BOB JONES REALTY COMPANY

September 11, 1981.

Record No. 800936.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*James M. Pickrell (Kellam, Pickrell & Lawler,* on brief), for appellant.
*James W. Backus* for appellee.

PER CURIAM.

In this appeal, we consider whether the trial court erred in refusing to set aside an arbitration award granting Bob Jones Realty Company (Jones), rather than Wyatt Realty Enterprises, Ltd. (Wyatt), a commission for the sale of a parcel of real estate.

On November 2, 1978, Barbara R. Brown granted Wyatt the exclusive right to sell her property in the City of Portsmouth. The "Standard Form Authorization to Sell" executed by Brown included a printed provision obligating the owner to pay the realtor the agreed-upon cash commission "if within ninety days after the termination of this agency, Property is sold or disposed of to any person, who, during the term of this agency was apprised of the availability of Property through the efforts of Agent or other broker." On June 2, 1979, the last day of Wyatt's exclusive listing, another realtor, Riley & Associates, Inc., contacted Wyatt and made arrangements to show the house to prospective purchasers that day.

Also on June 2, Brown signed a listing agreement granting Jones the exclusive right to sell Brown's property until September 6, 1979. Jones then informed Wyatt that it had obtained exclusive listing rights for the property. On June 6, 1979, Brown contracted to sell the property to Riley's clients and agreed to pay Wyatt and Riley a commission. The buyers and Brown subsequently closed the transaction, and Wyatt received the listing commission of $1,797.00.

Jones contended that it was entitled to the listing commission because of its exclusive listing contract, but Wyatt denied Jones' right to the commission. Both realty companies agreed to submit their dispute to arbitration by a panel of realtors. The parties further agreed "to abide absolutely by the award and findings of the arbitrators, and in the event of an adverse decision to make prompt compliance" with the arbitrators' award. After receiving evidence from the contestants, the arbitration panel entered a unanimous award requiring Wyatt to pay Jones $1,797.00.

When Wyatt refused to pay the amount determined by the arbitrators, Jones instituted this action at law seeking $1,797.00 in damages. At an evidentiary hearing conducted by the trial court, all three of the arbitration panel members testified that, because Wyatt's listing agreement had expired and Jones' listing was in effect when the sales contract was signed, Jones was entitled to the commission. The trial court upheld the arbitration award. In this appeal, Wyatt contends that, because the arbitrators made a mistake of law in reaching their conclusion, the trial court erred in upholding their award.

The legislature has limited the grounds for setting aside an arbitration award. Code § 8.01-580 provides:

No such [arbitration] award shall be set aside, except for errors apparent on its face, unless it appear to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

Wyatt does not allege corruption or undue means on the part of the arbitrators. Hence, the sole statutory basis available to Wyatt for setting aside the award is found in the clause concerning "errors apparent on [the award's] face."

This clause has been the subject of court interpretation for almost two centuries. According to *Taylor's Adm'r* v. *Nicolson*, 11 Va. (1 Hen. & M.) 66, 69 (1806), "no calculations or grounds for an award, which are not incorporated in it, or annexed to it at the time of delivery, are to be regarded or received as reasons or grounds to avoid it."* On the basis of this requirement, we have

---

* In *Moore* v. *Luckess' Next of Kin*, 64 Va. (23 Gratt.) 160, 166-67 (1873), we held that an accounting submitted in a legal action preceding the agreement to arbitrate was

upheld awards which were facially free from objection, even where one of the arbitrators later concluded he might have made an error in judgment. *See e.g., Pollard v. Lumpkin,* 47 Va. (6 Gratt.) 398 (1849).

Here, the facts of the case were undisputed. The only issue submitted to the arbitrators was a question of law, *viz.,* whether Jones, rather than Wyatt, was entitled to the listing commission. The arbitrators' award is simply an order requiring Wyatt to pay Jones the commission. No mistake of law appears upon the face of the award. Accordingly, the trial court had no reason or ground to avoid the award, and its judgment upholding the award will be affirmed.

*Affirmed.*

---

"as unmistakably identified by the award as if it had been incorporated in and made a part of it." Accordingly, we held that an equity court could correct the error evidenced by the accounting and the award. Nevertheless, we noted that the error was not apparent on the face of the award and that a common-law court would not have had the power to set aside the award under the statute. *Id.* at 168. The present appeal arises from an action at law. It is thus unnecessary to decide whether or in what circumstances an equity court may set aside an award for an error not appearing on the face of the award. We reiterate only that Code § 8.01-580 precludes a court of law from doing so.