## HOWERIN RESIDENTAL SALES CORPORATION

### V.

## CENTURY REALTY OF TIDEWATER, INC.

Record No. 841669

March 4, 1988

Present: All the Justices

*Joseph L. Lyle, Jr. (Pickett, Lyle, Siegel, Drescher & Croshaw, P.C.,* on brief), for appellant.
*Morton V. Whitlow (Sondej & Whitlow,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

The issue in this appeal is whether the trial court should have enforced an arbitration award rendered in a matter involving a dispute over a real estate commission. Howerin Residential Sales Corp. (Howerin) contends that the trial court erred in declining to enforce the award against Century Realty of Tidewater, Inc. (Century). We agree. Therefore, we will reverse the judgment of the trial court.

Howerin and Century are both engaged in the real estate business in the Tidewater area of Virginia. Both are members of the Portsmouth/Chesapeake Board of Realtors (Board of Realtors). The bylaws of the Board of Realtors provide as follows concerning dispute resolutions between members:

In the event of a controversy between REALTORS associated with different firms, arising out of their relationship as REALTORS, *the REALTORS shall submit the dispute to arbitration* in accordance with the regulations of their board or boards rather than litigate the matter.

(Emphasis added.)

A dispute arose between Howerin and Century concerning a real estate commission for the sale of certain residential realty in Suffolk, Virginia. Howerin was the listing agency and first showed the property to the ultimate purchaser. The sales contract was dated February 5, 1982.

The contract contained several matters that pertained to the commission. First, although the form was printed, it contained this typed provision: "Listing agency hereby certifies that selling agency is sole procuring cause of this contract." Second, the printed form provided as follows, "Buyer and Seller agree that Agent(s) was the sole procuring cause of this agreement, and Seller agrees to pay Agent(s) a cash brokerage fee for services in the amount of *7 (50/50)%* of the sales price of the Property." (The information "7 (50/50)" was typed on a blank line.) The sales price in the February 5, 1982 contract was $150,000. On March 29, 1982, the parties executed an addendum to the contract which reduced the sales price to $142,500.

The sale closed based on the addendum. At the closing, the commission was split "50/50" between Howerin and Century. Howerin later complained, contending that it had earned the entire fee and that Century should share no part of it.[1] Howerin sought arbitration. On June 14, 1982, Howerin executed an arbitration agreement. On August 19, 1982, an arbitration notice was sent to Howerin and Century setting August 31, 1982, as the date for the proceeding. On August 31, 1982, John A. Martin, president and sole stockholder of Century, also executed an arbitration agreement.

The matter was heard by a panel of five arbitrators. The panel voted unanimously in favor of Howerin and directed that Century pay Howerin the portion of the commission which had been disbursed to Century at the closing. More specifically, the arbitrators wrote in their award as follows:

[W]e do hereby find and judge that there is due and owing from the said Century 21 — Century Realty to the said Realty World Howerin the sum of *$4,987.50 Four thousand, nine hundred and eighty seven dollars and 50 cents* which

---

[1] There is no transcript from the arbitration to explain fully Howerin's position. However, the record contains an affidavit from the sellers which recounts that Howerin brought the ultimate purchaser to see the house on February 1, 1982, but on February 2, 1982, Century brought the same purchaser to see the house. When the sellers asked for an explanation, their agent from Howerin stated that the buyer insisted that his sister who worked for Century, share 50-50 in the commission or else he would not make the purchase. The Howerin representative explained that in order to avoid losing the sale they yielded to the buyer's demand. Howerin apparently convinced the arbitrators that the Century agent did not earn a fee.

sum it is ordered that the said Century 21 — Century pay to said Realty World Howerin within thirty (30) days from this date.

Century refused to comply with the arbitration award. On November 19, 1982, Howerin filed a motion for judgment to enforce the award. Century responded with an answer and grounds of defense in which it raised the following points: (1) that Century did not consent to the arbitration; (2) that Century's president, John H. Martin, signed the arbitration agreement under economic duress and threat of retaliation against him by the Board of Realtors; (3) that the arbitration panel acted improperly by allowing its chairman to serve after she had threatened Martin with acts detrimental to his business interests; (4) that the panel considered improper evidence which influenced its decision; and (5) that the panel's award was erroneous as a matter of law.

On August 22, 1984, the case was tried to the trial court sitting without a jury. Taking the evidence of that proceeding in the light most favorable to Century, the prevailing party, the facts are as follows: Howerin's office manager testified that she signed the arbitration agreement on behalf of her company and contended that despite the "50/50" split provided for in the contract, Howerin was entitled to the full commission.

John H. Martin testified that he was president and sole stockholder of Century. He stated that although no physical threats were made to him, he considered that he had been threatened by Rachel Benzie, chairman of the arbitration panel, when she told him that if he did not sign agreeing to arbitration he would be "kicked off" the Board of Realtors and dropped from the multiple listing service. He testified further that on the date of the arbitration proceeding, he asked whether he could sign under protest but was told, by Benzie, that he could not.

Benzie testified that the arbitration decision was agreed to by all members of the panel. She stated that the panel was convinced that Howerin listed the property originally and that Howerin showed the property to the buyer on the first occasion that he saw the property. It was afterwards that Century represented the buyer and that a contract was signed. Benzie stated that the panel did not consider any questions of law.

At the conclusion of the trial, the court ruled in Century's favor. The trial court did not explain its conclusion, simply stating

that "It is therefore Adjudged and Ordered that the plaintiff take nothing and judgment is entered in favor of the defendant." The effect of the trial court's action was to set aside the arbitration award.

■ The time of the proceedings below, the authority of the courts to set aside such awards was limited by statute, specifically former Code § 8.01-580.[2] *Wyatt Realty* v. *Bob Jones Realty*, 222 Va. 365, 367, 282 S.E.2d 8, 9 (1981). That code section provided as follows:

> No such award shall be set aside, except for errors apparent on its face, unless it appear to have been procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators or umpires, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

There is no claim that errors were apparent on the face of the award, so that basis for setting aside the award was not available to the trial court. Further, there is no claim that the award was procured by corruption or other undue means. Concerning that point, it must be noted that the threats complained of by Century were aimed at causing Century to submit to arbitration. There is no contention that threats were made to affect the award. Thus, the second basis for setting aside an award is not present in this case.

The third basis for setting aside an award under former Code § 8.01-580 is "partiality or misbehavior in the arbitrators . . . or any of them." We must focus upon this factor to decide this case, because Century raised the defense that the arbitration panel "acted improperly by allowing the chairman of said panel to serve as an arbitrator, after she had threatened the said John H. Martin with acts detrimental to his business interests, in an effort to force him to participate in the arbitration hearing."

■ In focusing upon this last point, certain important principles must be kept in mind. First, although Century was the defendant in the suit to enforce the award, it had the burden of proof in making out its defense that the award was invalid because of misconduct of the arbitrators. In *Equitable Ins. Co.* v.

---

[2] Repealed by Acts 1986, c. 614, but in effect at the time of the disposition of this case in the trial court.

*Stieffens*, 154 Va. 281, 153 S.E. 731 (1930), we made clear that the burden of proof is upon the party attacking the award. "It is his duty to prove clearly and unequivocally the misconduct of the arbitrators . . . ." *Id.* at 290, 153 S.E. at 733. Further, an arbitration award "must be construed liberally so as to uphold it, if possible, and all fair presumptions are in its favor . . . ." *Sydnor Co. v. County School Board*, 182 Va. 156, 167, 28 S.E.2d 33, 37 (1943). *See also Equitable Ins. Co. v. Stieffens*, 154 Va. 281, 289, 153 S.E. 731, 733 (1930); *Coons v. Coons*, 95 Va. 434, 438, 28 S.E. 885, 886 (1897). Finally, a party attempting to have an award set aside is confronted by three substantial obstacles: "(a) the conclusive and binding effect of the award, (b) the presumption in its favor, and (c) with the burden of proving convincingly the misconduct of the arbitrators . . . ." *Equitable Ins. Co.*, 154 Va. at 290, 153 S.E. at 733-34.

▮ Put simply, Century has not met its burden in this case. Its claim of misconduct rests largely upon the point that Century was threatened that if it did not submit to arbitration, it would be "kicked off" the Board of Realtors. But Howerin asserts, and Century nowhere denies, that the requirement for arbitration was imposed upon each member of the Board of Realtors as a condition of membership. Thus, the so-called threat that is said to be one of the bases of misconduct is, in fact, a statement of the conditions under which Century had already agreed to operate.

Century argues further, with regard to misconduct, that if arbitrators make a plain and palpable mistake of law that, by itself, amounts to misconduct. In making this argument, Century relies upon *Moore v. Luckess' Next of Kin*, 64 Va. (23 Gratt.) 160 (1873). However, *Moore* does not make the point ascribed to it by Century. That case did not say that a plain and palpable mistake of law established misconduct. It said that where there exists evidence of such a plain and palpable mistake, there is no valid reason why such evidence should not be received by a court. *Id.* at 165. Moreover, *Moore* predates former Code § 8.01-580, the controlling statute. And, the instant appeal is an action at law, as was the case in *Wyatt Realty*. Thus, the only bases for setting aside the award at the time of these proceedings were those set forth in Code § 8.01-580. *See Wyatt Realty*, 222 Va. at 367 n.*, 282 S.E.2d at 9 n.*. Because, in our opinion, Century did not meet its burden of proof under the statute, we hold the trial court erred in refusing to enforce the award. Therefore, we will reverse the judg-

ment of the trial court and enter final judgment here in favor of Howerin.

*Reversed and final judgment.*