## CIRCUIT COURT OF HENRICO COUNTY

Varina Chase Partnership

    v.

P. E. Eubank & Co.

September 27, 1989

Case No. CL89000245

By JUDGE JAMES E. KULP

This matter is before the Court on Varina Chase's Motion to Vacate Award of Arbitrators. The Court heard argument on August 25, 1989, and requested the parties to file memoranda. The Court having now maturely considered the matter issues this opinion.

At the outset the Court notes that there is no transcript of the arbitration hearing. This places the Court at some disadvantage, but the Court believes the evidence it has is sufficient to allow the Court to resolve the issue before it.

The parties entered into a contract in October, 1986, which called for arbitration in the event of disputes. A dispute arose between the parties, and in June, 1988, Eubank filed for arbitration. The American Arbitration Association appointed a panel, and after some delay, the hearing was conducted on January 24 and 25, 1989. At the opening of the hearing, counsel for Varina Chase asked to file a counterclaim, which the panel denied.

The issue before the Court is whether the arbitrators "refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 8.01-581.04, in such a way as to substan-

tially prejudice the rights of a party." *See* Section 8.01-581.010(4).

The difficulty in this case arises from the confusion in the terminology used by Varina Chase before the arbitrators. On the morning of the hearing, Varina Chase wanted to file a counterclaim. The arbitrators refused to accept the counterclaim, and Varina Chase takes no issue with this ruling by the arbitrators. The position Varina Chase has taken before this Court is that the arbitrators refused to allow it to put on evidence of an affirmative defense of "set-off." The Court recognizes that many lawyers use the term "set-off" in the context of a defense to reduce the amount which may be owing to the other party. Technically, in Virginia the law treats a counterclaim and a set-off as one and the same. 16 M.J., *Setoff, Recoupment and Counterclaim* § 1 (1987). Recoupment in the term used when a party seeks to reduce the amount it may owe to another party.

In this case the arbitrators refused to consider Varina Chase's evidence of counterclaim and also its evidence of set-off. The reason for this ruling was that the arbitrators found that a set-off and a counterclaim were one and the same. The Court knows this was the reason assigned by the arbitrators because it is the reason given by Varina Chase's attorney in his motion to the American Arbitration Association seeking to set aside the arbitration hearing. *See* Motion para. 4. While it may have been the intention of Varina Chase to present evidence of an affirmative defense at the hearing, the failure to articulate this to the arbitrators rests with Varina Chase. It is clear that the arbitrators were treating the counterclaim and set-off as one and the same. As the Supreme Court said in *City of Hopewell v. Cogar*, 237 Va. 264, 269 (1989), the "defendants will not be heard to say that what they identified as an affirmative defense actually was a counterclaim." In this case Varina Chase will not be heard to claim its counterclaim and set-off was an affirmative defense.

In this case the arbitrators have heard the matter as it was presented to them and have made their award. This Court must construe the award liberally so as to uphold it if possible. There exists a presumption in favor of the award, and the party attacking the award

must prove misconduct on behalf of the arbitrators by clear and unequivocal evidence. *See Howerin Residential Sales v. Century Realty*, 235 Va. 174 (1988).

On the facts of this case, the Court is unable to find that Varina Chase has met its burden. The arbitrators made it clear that they believed Varina Chase's set-off was the same as its counterclaim which had been refused as untimely. Once the arbitrators made clear their position, it became the duty of Varina Chase to advise the arbitrators that it would not try to pursue its counterclaim but that it wanted to put on evidence on an affirmative defense. The Court is unable to find that under the circumstances of this case, the arbitrators refused to hear evidence material to the controversy or conducted the hearing in a manner as to substantially prejudice the rights of Varina Chase.

For the reasons set forth, the Court denies the Motion of Varina Chase to Vacate the Award of Arbitrators.