## CIRCUIT COURT OF STAFFORD COUNTY

Wendy A. Ford

v.

Ross Brothers Builders, Inc.

June 8, 1990

Case No. (Law) 142-90

By JUDGE JAMES W. HALEY, JR.

This matter comes before the court upon motion of the plaintiff filed March 7, 1990, to confirm the award of an arbitrator in the amount of $25,000.00 and to enter a judgment for the same, as is set forth in § 8.01-581.09 and § 8.01-581.012. Plaintiff further seeks interest at the legal rate from October 9, 1989, the date of the original award by the arbitrator, as well as his costs and attorney's fees.

Pursuant to § 8.01-581.10 and § 8.01-581.11, defendant in opposition to the motion maintains that the arbitrator's award is not final and/or is defective because defendant was allegedly denied an appeal within the arbitration process and because the arbitrator allegedly did not place a precise dollar amount of damages, having instead set them as between $20,600.00 and $25,000.00. As a consequence, defendant maintains the award should be amended, or vacated, or remanded to the arbitrator to correct these alleged deficiencies in his actions.

Defendant's pleading setting forth this opposition was filed on April 2, 1990, and this pleading represents

the earliest application filed *with the court* by defendant for amendment, vacation, or remand.

As Exhibit 8 attached to an affidavit filed with its Reply Memorandum filed April 24, 1990, defendant admits it was advised that its request for modification or clarification submitted to the arbitrator would be resolved by the arbitrator no later than November 30, 1989. By defendant's likewise designated Exhibit 9, defendant acknowledges receipt of the arbitrator's November 29, 1989, written ruling, declining to modify or clarify his award and that his "file in this matter remains closed."

Code § 8.01-581.010 (vacating an award) and Section 8.01-581.011 (modifying an award) each require application *to the court* "within ninety days after delivery of a copy of the award to the applicant . . ."[1]

The court finds that the quoted time limitation began running no later than November 30, 1989. Accordingly, it was incumbent upon defendant to file an application by motion, as set forth in § 8.01-581.013, on or before March 2, 1990. As noted above, no pleading of any nature was filed by defendant until April 2, 1990.

As a consequence, defendant's motion to amend or vacate or remand is time-barred.

Even assuming the defendant's application/motion had been timely filed, the pleadings and record do not allege and/or show any statutory ground for the amendment, vacation, or remand of the arbitrator's decision. Section 8.01-581.010; § 8.01-581.011; *Wyatt Realty v. Bob Jones Realty*, 222 Va. 365, 282 S.E.2d 8 (1981).

The court finds that the arbitrator's award is $22,800.00, "an arithmetical calculation . . . striking a balance of determined items . . ." *Martin v. Winston*, 181 Va. 94, 112, 23 S.E.2d 873, 880 (1943).

Pursuant to § 8.01-581.012, judgment is granted in favor of Wendy A. Ford against Ross Brothers Builders, Inc., in the sum of $22,800.00, with interest thereon at the legal rate from November 30, 1989, plus costs. Plaintiff's request for attorney's fees is denied.

---

[1] Section 8.01-581.010(1) permits application within ninety days after corruption, fraud, or other undue means "are known or reasonably should have been known." No such allegations have been made in the instant case.