## CIRCUIT COURT OF FAIRFAX COUNTY

Edward Primoff et al.

v.

Slocum, Boddie & Murry, et al.

February 15, 1994

Case No. (Law) 113798

By Judge Thomas S. Kenny

This matter is before the court on the motion of defendant Stewart Title Guaranty Company to confirm the arbitration award and enter judgment upon the award, and the motion of plaintiffs Edward Primoff, Action Mortgage, Inc., and William Avery, Trustee for Trace America, Inc. (hereinafter "Primoff") to vacate the arbitration award. After hearing oral argument on January 21, 1994, I took the matter under advisement. For the reasons set forth below, defendant's Motion to Confirm the Arbitration Award and Enter Judgment will be granted, and plaintiff's Motion to Vacate the Award will be denied.

By order of the court entered on June 25, 1993, reflecting my letter opinions of June 14, 1993, and of June 21, 1993, denying plaintiffs' motion for reconsideration, Primoff was ordered to submit all of its claims against Stewart Title to arbitration, pursuant to Va. Code § 8.01–581.02 and Paragraph 13 of the Title Insurance Policy entered between the parties. The parties proceeded to arbitration on November 8–10, 1993, and the arbitrators returned an award dated December 20, 1993, whereby Primoff's claims against Stewart Title were denied and the costs of the arbitration were to be shared equally by Primoff and Stewart Title.

Stewart Title moves the court pursuant to Va. Code § 8.01–581.09, § 8.01–581.012, and § 8.01–581.013 to confirm the arbitrators' award, enter judgment in Stewart Title's favor on Primoff's Motion for Judgment, and require each party to pay for one-half of the compensation and expenses of the arbitration.

Primoff opposes Stewart Title's motion and moves the court to vacate the arbitrators' award and reinstate Primoff's action against Stewart Title on the court's docket on three grounds. First, Primoff renews its objection to the court's June 25, 1993, order compelling arbitration, stating that Stewart Title waived the right to arbitration by filing an answer to Primoff's Motion for Judgment. Second, Primoff argues that the award should be vacated because the arbitrators have not made explicit findings of fact nor conclusions of law. Third, Primoff contends that a series of procedural errors committed during the arbitration proceeding rendered the award fatally defective. Specifically, the arbitrators did not consider Primoff's claims under Count II of the Amended Motion for Judgment, the arbitrators received briefs from Stewart Title containing impermissible legal arguments, the arbitrators did not file the award in a timely fashion, and the award was not signed by all three arbitrators.

Stewart Title responds to Primoff's motion as follows. First, Primoff's waiver objection was previously heard by the court; when the court ordered the submission of the dispute to arbitration, this ruling became part of the law of the case. Second, the arbitrators were not required to make findings of fact or conclusions of law. Third, any procedural errors that were committed did not render the arbitrators' award falsely defective.

The first point to be resolved concerns whether or not Primoff may renew its prior objections to the submission of the dispute to arbitration. Stewart Title argues that this court's prior order to submit the dispute to arbitration constitutes the "law of the case." In *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611 (1917), the Supreme Court of Virginia defined the law of the case doctrine as follows:

> Where there have been two appeals in the case between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal . . . . [I]t is binding on both the trial court and the appellate court and is not subject to re-examination by either.

*Steinman*, 121 Va. at 621–622.

Stewart Title reasons that Primoff has already appealed the issue of submission of the dispute to arbitration twice, first by opposing Stewart Title's motion to compel arbitration and secondly by filing a motion to reconsider the court's grant of the motion to compel, which motion was already denied by the court. Without determining whether or not Primoff's actions constituted "appeals" within the law of the case doctrine, I conclude that Primoff's prior objections to the submission to arbitration have been heard and will be overruled again.

The second point concerns whether or not the arbitrators erred by not making findings of fact and conclusions of law as part of their award. Without specifically ruling that such findings and conclusions are or are not required, the Supreme Court of Virginia has repeatedly emphasized that an arbitration award "must be construed liberally so as to uphold it, if possible, and all fair presumptions are in its favor . . . ." *Howerin Residential Sales v. Century Realty*, 235 Va. 174 (1988), citing *Sydnor Co. v. County School Board*, 182 Va. 156 (1943). Reflecting this rule of construction, Va. Code § 8.01–581.010 suggests that the absence of legal conclusions underpinning the arbitrators' award will not provide a basis to vacate the award in any case:

> The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

Furthermore, Rule 42 of the American Arbitration Association Rules on Title Insurance Arbitration (hereinafter "AAA Rules"), made applicable to this arbitration by Rule 1, does not require the arbitrators to make findings of fact or conclusions of law as part of an award.

Therefore, the court does not find that the arbitrators erred by failing to expressly incorporate findings of fact and conclusions of law when rendering the award here.

The final point concerns whether or not the alleged procedural defects committed during the arbitration proceedings render the award fatally defective. Primoff had alleged four defects in particular.

First, Primoff had objected to the fact that the award was not signed by each of the three arbitrators individually. Rule 41 of the AAA Rules requires the signature of a majority of the arbitrators. However, the Supreme Court of Virginia, in *Virginia Beach Board of Realtors, Inc. v. Goodman Segar Hogan, Inc.*, 224 Va. 659 (1983), held that an award

signed by the chairman of the arbitration panel in his representative capacity should not be invalidated merely because the individual arbitrators did not also sign the award. Here, the award was signed by Peter Schaumber, signing "on behalf of and as Chair of the Tribunal." Although the other two arbitrators did not individually sign the award, the fact that Mr. Schaumber signed as the representative of the entire Panel should be treated as though the requisite "majority" of the Panel had signed the award.

Second, Primoff objected to the timeliness of the award. By its calculations, the award, dated December 20, 1993, was due on December 13, 1993, or thirty days from the conclusion of the oral hearing. Stewart Title asserts that while the oral hearing closed on November 13, 1993, the arbitration Panel invited Primoff and Stewart Title by letter to submit supplemental memoranda, with such submissions due on November 23, 1993. Rule 40 of the AAA Rules provides that the time limit for the arbitrators to file the award is thirty days from the date the hearings are closed. However, Rule 34 provides the following test for determining the "closing" date of the hearings:

> If briefs are to be filed, the hearings shall be declared closed as of the final date set by the arbitrator for the receipt of briefs.

Because the award was made by December 20, 1993, within thirty days of November 23, 1993, the date the hearings are to be treated as closed by the arbitrators pursuant to the Rules, the award was made in a timely fashion. Further, even if the court were to err in concluding that November 23, 1993, was the date the hearing was closed, Va. Code § 8.01–581.07 states that an objection to the timeliness of the arbitrators' award must be made before the award is delivered to the objecting party. Here, there is no evidence that Primoff voiced its objection before receiving the award from the arbitrators. Therefore, the possible timeliness of the award will not provide Primoff with a ground for objection.

Third, Primoff argued that the arbitrators improperly relied upon legal memoranda containing impermissible legal arguments. Although Stewart Title did not specifically address this contention in its reply brief, the court's traditionally deferential enforcement of arbitration awards, combined with Va. Code § 8.01–581.010's express statement of the grounds available for vacating an award, suggest that this pos-

sible "defect" in the proceedings should not warrant a vacation of the award. Of the available grounds for vacation of an award, the only one arguably relevant to this objection is that "the arbitrators exceeded their powers." Va. Code § 8.01–581.010(3). However, this language must be read in terms of additional language contained in this provision previously cited with respect to the issue of making findings of facts and conclusions of law, to the effect that the arbitrator's decision may not be vacated even if the relief granted could not have been provided by a court. Therefore, even if Primoff made a valid argument that the arbitrators relied on impermissible material and potentially "exceeded their powers," the use of the additional legal memoranda shall not form the basis of vacating the award simply because a court hearing the case could not have rendered the decision on the basis of such materials.

Finally, Primoff argued that the arbitrators erred by not considering Count II of their Amended Motion for Judgment.[2] Primoff points to my letter opinion of June 14, 1993, in which I ordered the parties to submit "all claims" between them to arbitration. Stewart Title responded to this contention by stating that Count II was not before the court when I ordered the parties to submit the "claims" to arbitration. In support, Stewart Title points to the court order dated April 30, 1993, in which I granted Stewart Title's demurrer to Count II, with leave to amend to Primoff within fourteen days of the entry of the order. The file does not reflect the filing of any such amendment, and accordingly, Count II is not involved in this lawsuit. It was not one of the "claims" ordered submitted to arbitration.

Therefore, Primoff's motion to vacate the arbitration award will be denied, and Stewart Title's motion to confirm the award will be granted.

---

[2] Since the arbitrator's award merely says, "The monetary claim of Respondents [Primoff et al.] is denied and an award is rendered in favor of Claimant [Stewart Title] on its demand," it is not possible to determine what exactly was considered by them. Without ruling on the question, I will assume for purposes of this opinion that Count II was not considered by the arbitrators.