## CIRCUIT COURT OF FAIRFAX COUNTY

Carpenter Landscape Service, Inc.

v.

Fort Myer Construction Corp. and
Fidelity & Deposit Co. of Maryland

June 20, 1996

Case No. L-138642

BY JUDGE F. BRUCE BACH

This matter comes before the Court on the motion of Plaintiff Carpenter Landscape Service, Inc., to confirm the award of the arbitrator in the above-referenced case. Defendant Fort Myer Construction Corporation opposes Carpenter's motion and moves the Court to vacate the arbitration award. For the reasons stated below, I uphold and confirm the award of the arbitrator.

### Background

The arbitration hearing dates for this case were February 23, 26, 27, 1996, and March 11-13, 1996. The issue submitted to the arbitrator was the parties' dispute involving several contracts entered into by the parties. At the arbitration, the parties agreed to expedite the proceedings. At the end of the arbitration hearing, the arbitrator allowed Fort Myer to present the remainder of its case in writing, to submit written questions for the cross-examination of Carpenter's witness and to submit rebuttal evidence. No redirect of Carpenter's witness was allowed. The arbitrator ruled in favor of Carpenter and awarded Carpenter a total of $97,703.50, including attorney's fees. The arbitrator further awarded administrative costs and fees, and the arbitrator's compensation was assessed against both parties.

Carpenter argues that this Court should confirm the award of the arbitrator, because the arbitrator issued his award in accordance with rules of

the American Arbitration Association ("AAA") and with the prior orders of this Court. Carpenter requests the Court to enter an Order confirming the award of the arbitrator and reducing the award to judgment. Carpenter further requests the Court to direct the parties to schedule the remaining matters in dispute for a hearing.

Fort Myer opposes confirmation of the award. Fort Myer claims that (1) the arbitrator exceeded his powers and refused to hear evidence material to the controversy, (2) the oral hearings were incomplete because Fort Myer was forced to argue the issue of setoffs as a counterclaim, and Fort Myer was not given a full or equal opportunity to present its case in chief, to cross-examine Carpenter's witness, to present rebuttal evidence, or to present rebuttal witnesses, (3) the arbitrator violated Rules 29 and 35 of the Association's rules, and (4) the arbitrator's grant of attorney's fees was beyond the scope of his powers, because neither the Association's rules nor the parties' contracts provide for an award of attorney's fees, and there was no claim for attorney's fees by Carpenter. Fort Myer requests the Court to vacate the arbitrator's award and to order a new trial.

## Arbitration Awards

The Virginia Code allows a trial court to vacate an arbitrator's award, upon a party's application, where the arbitrator exceeded his power, refused to hear evidence material to the controversy, or otherwise conducted the hearing contrary to the provisions of § 8.01-581.04, substantially prejudicing the rights of a party. *See* Virginia Code § 8.01-581.010.

The Virginia Supreme Court stated that "an arbitration award 'must be construed liberally so as to uphold it, if possible, and all fair presumptions are in its favor'." *Howerin Residential Sales Corp. v. Century Realty of Tidewater, Inc.*, 235 Va. 174, 179 (1988) (citation omitted). The standard of review when affirming an arbitration award is whether the arbitration award is unconscionable or against public policy, or whether there is a gross miscarriage of justice under the circumstances. *See Bandas v. Bandas*, 16 Va. App. 427, 430-431 (1993).

The AAA Construction Industry Arbitration Rules provide that the parties to an arbitration may agree to using "expedited procedures" in cases involving a claim in excess of $50,000.00. The Rules also provide that the dispute may be resolved by the submission of documents, and the parties, by written agreement, may waive oral hearings, and if the parties are unable to agree to the procedure, the AAA shall specify a fair and equitable procedure. The Rules state that the arbitrator has the discretion to

vary the procedure of the hearing but must afford a full and equal opportunity to all parties for the presentation. *See* AAA Construction Industry Arbitration Rules 9, 56, 37, and 29 (1993).

After consideration of the matters presented, I find that the award of the arbitrator should be confirmed. I find that Fort Myer had sufficient opportunity to present its evidence, cross-examine Carpenter's witness, and to present rebuttal evidence. The arbitrator did not violate Rule 29 or Rule 35 of the AAA Rules. The parties agreed to expedited procedures. Fort Myer had ample opportunity to present its case. Fort Myer was not prejudiced by the expedited procedures. I find that the arbitrator's award was not unconscionable, against public policy, or a gross miscarriage of justice. I find that the arbitrator was entitled to determine an award of attorney's fees because the contract(s) contained a provision for an award of attorney's fees. Finally, I find that it is appropriate for the remaining issues to be resolved. The parties are directed to schedule these matters for a hearing.