Ferk, Ltd.

v.

Turner Enterprises, Ltd.

Case No. (Chancery) 94-44

BY JUDGE PAUL M. PEATROSS, JR.

August 14, 1997

This matter comes before the Court on Plaintiff's (Ferk, Ltd.) application to vacate or modify an arbitration award to Defendant (Turner Enterprises, Ltd.) entered on December 7, 1995.

## Background

Ferk, Ltd., entered into an AIA Standard Form of Agreement Between Owner and Designer/Builder (dated May 15, 1992) and a Standard Form of Agreement Between Owner and Designer/Builder Part II (dated October 9, 1992) with Turner Enterprises, Ltd., for the construction of a nephrology clinic in Charlottesville, Virginia. The basic compensation for the service was contracted at cost plus ten percent, with a guaranteed maximum price of $863,058.00. The contract required that any modification of the contract sum or the contract time be accomplished only by a written change order, signed by both parties. The contract also contained a provision requiring all "[c]laims, disputes, and other matters in question between the two parties to this Part 2 arising out of or relating to Part 2 shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of America" and stating that the decision of the arbitrator was final. The contract also contained

provisions limiting the interest rate for past due payments to 10% and warranting the completed work.

On October 30, 1993, Turner submitted an Application and Certificate for Payment Number 12 on the contract. On this application, the architect certified the building was 99.86% complete and the project would be completed within the contract budget. On December 17, 1993, Turner submitted Application and Certification for Payment Number 13, claiming an additional $102,968.21 as additional costs of construction resulting from building changes requested by Ferk. There were no written change orders to authorize these changes. Instead, a change order log was kept by Turner as a record of the proposed and approved change orders. Ferk refused payment for application 13.

The matter was arbitrated on May 10, 11, 12, and 15, 1995, and November 16, 1995. The arbitrator's final award was handed down December 7, 1995. By the terms of this award, Ferk was ordered to pay Turner $44,250.00 in settlement of the claims (an additional $36,875.15 was ordered paid to Turner in an interim award dated August 9, 1995, as reimbursement for equipment purchases outside the contract). Turner was also ordered to perform some corrective work on the building. However, Ferk was ordered to correct some of the work at their own cost, and the arbitrator stated this "corrective work" was figured into the amount of the final award. Turner was also released from the obligation of all warranty work by the award.

Ferk claims the arbitrator exceeded his power in making the award, and therefore, the award is invalid and should be modified or vacated. Ferk states several theories of why the arbitrator exceeded his authority: (1) none of the theories of recovery argued before the arbitrator by Turner are based on the contract; (2) the arbitrator had no need to analyze the contract in making the award, so the dispute is not related to the contract; (3) the arbitrator erred by awarding interest in the amount of 15% if the award was not paid by a date certain when the contract set the maximum interest at 10%; and (4) the arbitrator exceeded his authority by releasing Turner from warranty work.

Turner counters by claiming the arbitrator did not exceed his authority in granting the award. Turner contends since they submitted several theories as the basis for an award, including verbal modification of the contract and modification by conduct, the arbitrator could have found for Turner on one of these grounds, and it is the burden of Ferk to prove that there was no reasonable basis for the award by "convincing proof." Further, Turner contends that the awarding of interest and the regulation of warranty work find their basis from the contract itself, and as such, are matters arising from or relating to the contract and are legitimate subjects for arbitration.

## Question Presented

In Virginia, can a circuit court vacate or modify an arbitration award when a party alleges the arbitrator exceeded his authority in making the awards by basing damages on theories not based on the contract giving the arbitrator his authority, by awarding 15% interest for late payment of the award when the contract states the interest rate will not exceed 10%, and by releasing a party from warranty work, when the contract gives a limited warranty for a one-year period?

## Discussion of Authority

Sections 8.01-581.09 through 8.01-581.012 of the Code of Virginia govern the confirmation, modification, and vacation of arbitration awards by the court. Section 8.01-581.010(3) allows the court to vacate an award when the arbitrator exceeded his authority in making the award. However, a court must take caution in vacating or modifying an award, as there is a presumption to uphold the decision of an arbitrator when it can be done "consistently within the rules of law." *Virginia Beach Bd. of Realtors, Inc. v. Goodman Segar Hogan, Inc.*, 224 Va. 659 (1983); *Howerin Residential Sales Corp. v. Century Realty of Tidewater, Inc.*, 235 Va. 174 (1988). Furthermore, the party challenging the award must prove the arbitrator exceeded his authority by "convincing proof," or the award will stand. *Sydnor Pump & Well Co. v. County Sch. Bd. of Henrico County*, 182 Va. 156 (1943).

An arbitrator derives his authority from the parties' contractual agreement to arbitrate the dispute, and he exceeds this authority when he acts beyond the terms of the contract which gives him this authority. *Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 249 Va. 144 (1995). Ferk claims that since the arbitrator did not state the basis for his award, the arbitrator must have based the award on *quantum meruit*. Since *quantum meruit* is a theory of recovery not based on the contract, the arbitrator exceeded his authority by awarding damages to Turner. *Hendrickson v. Meredith*, 161 Va. 193 (1933).

First, an arbitrator is not required to state a basis for his final decision in an arbitration. *Waterfront Marine Constr. v. North End 49ers Sandbridge Bulkhead Groups*, 251 Va. 417 (1996). Second, Turner advanced several other theories for recovery during the arbitration. (Respondent's Closing Statements in the arbitration hearings.) Among these were modifications based on oral changes. Since oral modification is a basis for modifying contracts in Virginia, the arbitrator could have found for Turner based on one

of the alternative theories. *Rowland Lumber Co. v. Ross*, 100 Va. 275 (1902).

Ferk contends that even if the arbitrator found for Turner on an oral modification theory, the arbitrator would still be without authority to hear the dispute because the new oral contract completely replaced the original contract. Therefore, any authority the arbitrator had in deciding the dispute arose from the original contract and not the new contract created by the oral modification. However, when an oral modification is made to a contract, the new contract departs from the terms of the original contract only in terms of the contract that are different from the first. Both the written and the oral contract must be examined to determine the bargain reached. *Piedmont Mt. Airy Guano Co. v. Buchanan*, 146 Va. 617 (1926). Therefore, since the oral modification did not involve changes to the arbitration clause, the arbitrator would retain the authority to hear the dispute under the terms of the original contract.

The Court finds that the current dispute is most definitely related to or arising from the contract between Ferk and Turner. Arbitration clauses such as the one at issue are broad and cover a wide range of contract and contract-related issues. *McMullin v. Union Land Mgt. Co.*, 242 Va. 337 (1991).

A court can, if an application to the court is pending under §§ 8.01-581.09 through 8.01-581.011, require the arbitrator to clarify his decision. § 8.01-581.08 Code of Virginia (1950). Upon such clarification, if it appears the arbitrator meant to base an award according to law and made an error as to the law, the court can correct the award. *Moore v. Luckess*, 64 Va. (23 Gratt.) 160 (1873). However, the arbitrator can completely disregard the law and decide the matter solely "upon principles of equity and good conscience." *Id.* Since it is unclear from the arbitrator's award whether the award was based on law or equity, the Court will request a clarification for the basis of the award from the arbitrator.

## Ruling

Therefore, the Court orders the arbitrator to clarify the basis for his decision in awarding Turner damages based on modification of the contract and, further, to clarify the extent to which he released Turner from his warranty obligations.

Specifically, the arbitrator is asked to clarify whether he based the following decisions on legal or equitable principles and, if based on legal principles, what was the legal basis for his decisions in the following:

(1) awarding $44,250.00 in damages;

(2) awarding legal interest at 15%; and

(3) releasing Turner from warranty work.

September 30, 1997

This matter comes before the Court on a Motion to Intervene and a Motion to Vacate the Order, filed by the arbitrator, Charles M. Boldt, and the American Arbitration Association (AAA). The Motion to Intervene is granted, and the order tendered has been entered. Since the Motion to Vacate does not require any evidence, the Court will rule on the motion without a hearing after reviewing the letter brief dated September 12, 1997.

## Background

On August 14, 1997, this Court issued a Letter Opinion regarding Plaintiff's (Ferk, Ltd.) application to vacate or modify an arbitration award in favor of Defendant (Turner Enterprises, Ltd.), which was entered on December 7, 1995. By the terms of this award, Ferk was ordered to pay Turner $44,250.00 in settlement of the claims, Turner was released from all warranty work for the building, and terms were given for completing corrective work on the building (with both Ferk and Turner being responsible for portions of the work).

Ferk contends that the arbitrator exceeded his authority by awarding damages based on a non-contract, *quantum meruit*, theory, by releasing Turner from warranty work, and requiring interest to be paid at higher than the contract amount. Turner countered by claiming that they did not rely solely on the *quantum meruit* theory but advanced several other theories on which the arbitrator could have based the award. Additionally, Turner contends the arbitrator had the authority to go beyond the contract in awarding interest and dismissing warranty work since these issues arose from the contract.

In its Letter Opinion, the Court stated that the arbitrator had great discretion in fashioning resolutions to problems submitted before him. In making these awards, the Court recognized the arbitrator was not bound by legal principles but could base his decisions on equitable grounds. However, the Court asserted that, under § 8.01-581.08, the Court had the authority to request a clarification of the award and that, if the arbitrator meant to decide the case on a legal ground and subsequently made a mistake applying the law, a correct ruling could be entered.

To determine the grounds for the award, the Court asked the arbitrator to clarify whether he based the following decisions on legal or equitable

principles and, if based on legal principles, what was the legal basis for his decisions in the following:

(1) awarding $44,250.00 in damages;

(2) awarding legal interest at 15%; and

(3) releasing Turner from warranty work.

Specifically, Mr. Boldt and the AAA request that the Court vacate portions of its Order requesting Mr. Boldt to provide an explanation of his award in the matter as beyond the authority of the Court.

## Discussion of Authority

The scope of judicial review of an arbitration award is limited so as not to frustrate the goals of the arbitration process. 6 C.J.S., *Arbitration*, § 162, at page 427. In general, the judicial review of an arbitration award is limited to determining whether there is a ground for modifying or vacating the award under an applicable arbitration statute. *Id.* at 426. The Court finds a similar standard exists for the clarification of the award.

Section 8.01-581.08, Code of Virginia, governs change of awards by arbitrators. The code section states in relevant part:

> On application of a party, or if an application is pending before the court under §§ 8.01-581.09, 8.01-581.010, or 8.01-581.011, on submission to the arbitrators by the court under such conditions the court may order, the arbitrators may modify or correct the award upon the grounds stated in subdivisions 1 and 3 of § 8.01-581.011 *or* for the purpose of clarifying the award. [Emphasis added.]

In this action, Ferk made an application to the Court to modify or vacate the award under § 8.01-581.010(3) on the basis that the arbitrator exceeded his authority. As a result, the initial condition of the statute is fulfilled. Therefore, accordingly, the Court may order the arbitrator to modify or correct the award or order the arbitrator to clarify the award. The term "or" (emphasized above) is read by the Court to free the clarification of the award from the restraints the statute imposes on when the award may be modified or corrected.

Counsel for Mr. Boldt and the AAA assert that this provision is only applicable where clarification of the award is needed to eliminate ambiguity or to resolve some type of defect that requires the arbitrator to modify or correct the award. In support of this proposition, they cite *Cutler Associates, Inc. v. Merrill Trust Co.*, 395 A.2d 453 (1978). However, counsel misstates

the argument in the case. The Supreme Judicial Court of Maine denied the attack on the arbitration award under 14 M.R.S.A. § 5935 (analogous to § 8.01-581.08, Code of Virginia) due to an inadequate record to support an appeal, not because the statute forbids a court from ordering an arbitrator to clarify his award.

Counsel for Mr. Boldt and the AAA also argue, citing the Court's Letter Opinion, that Ferk had the burden of proving by clear and convincing evidence the grounds on which to base the vacation of the award and that the award is to be presumed valid. *Sydnor Pump & Well Co. v. County Sch. Bd. of Henrico County*, 182 Va. 156 (1943); *Virginia Beach Bd. of Realtors, Inc. v. Goodman Segar Hogan, Inc.*, 224 Va. 659 (1983); *Howerin Residential Sales Corp. v. Century Realty of Tidewater, Inc.*, 235 Va. 174 (1988). However, these opinions all relate to the standard for vacating an arbitration award, not the standard required to request a clarification of an award. Additionally, no case law has been presented regarding the proper standard to allow a judge to request an arbitrator to clarify his award, other than presuming the award to be valid. *Sydnor*, 182 Va. at 156.

Ferk has claimed the arbitrator exceeded his authority by awarding damages to Turner. Ferk has filed an application with this Court under § 8.01-581.010(3). Without any explanation of the basis of the award, providing clear and convincing proof the arbitrator exceeded his authority would be almost impossible, in light of the deference given the arbitrator's award. Therefore, the options for protecting the participants in an arbitration hearing are rendered less effective when the arbitrator simply refuses to state a basis for his ruling. Such a result is against the public policy of providing fair and efficient resolution of disputes by arbitration proceedings.

Therefore, in order to determine if the arbitrator exceeded his authority, the Court is forced to require an explanation of the basis for the award. The complaint of Ferk alleging the arbitrator exceeded his power was enough for the Court to request a clarification of the arbitrator's award.

*Ruling*

Therefore, the Court refuses to vacate the order expressed in its Letter Opinion of August 14, 1997, requiring the arbitrator to clarify the basis for his decision in awarding Turner damages.

Specifically, the arbitrator is ordered to clarify whether he based the following decisions on legal or equitable principles, and if based on legal principles, what was the legal basis for his decisions in the following:

(1) awarding $44,250.00 in damages;

(2) awarding legal interest at 15%; and

(3) releasing Turner from warranty work.

November 21, 1997

In the Court's letter opinions of August 14 and September 22, 1997, the Court ordered the arbitrator, Mr. Boldt, to:

> clarify whether he based the following decisions on legal or equitable principles, and if based on legal principles, what was the legal basis for his decisions in the following:
> (1) awarding $44,250.00 in damages?
> (2) awarding legal interest at 15%?
> (3) releasing Turner from warranty work?

In response to the Court's request for clarification under § 8.01-581.08 Code of Virginia, Mr. Boldt informed the Court by letter dated October 28, 1997, that his award "was based on the principles of equity and good conscience." Mr. Boldt went on to clarify the equitable reasons as the basis of each of the questions asked by the Court.

The arbitrator's authority stems from the contractual agreement negotiated by the parties. Therefore, an arbitrator exceeds his power when he acts beyond the terms of the contract. *Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 240 Va. 144 (1995). Such was the claim in this case. In this case, the Court stated the current dispute arose from the contract. (Letter Opinion of Arbitrator, August 28, 1997, p. 3.) In reaching decisions on issues governed by the contract, the arbitrator is not bound to follow legal principle but can decide cases based solely on equity. *Moore v. Luckess*, 64 Va. (23 Gratt.) 160 (1873). However, if the arbitrator decides the case on legal principles but makes an error in the application of those principles, the Court can correct the award. *Moore*, 64 Va. (23 Gratt.) at 162. To resolve the basis of the arbitrator's decisions in response to Ferk's complaint, the Court requested the basis for the arbitrator's decision.

Since Mr. Boldt's decision concerned matters covered by the contract and was based on equitable and not legal principles, this Court is without authority to vacate, modify, or correct the award unless expressly given the authority by statute. Such authority is lacking in this case.

Therefore, the Court declines to vacate or modify the final arbitration award of December 7, 1995.